**Michael Pijanowski, OSB #004426**
mpijanowski@oregonlawcenter.org
**Leslea Smith, OSB #853324**
lsmith@oregonlawcenter.org
**Spencer Neal, OSB #772860**
mneal@oregonlawcenter.org
**Edward Johnson, OSB #965737**
ejohnson@oregonlawcenter.org
OREGON LAW CENTER
230 NE Second Ave, Suite F
Hillsboro, OR 97124
Phone: (503) 640-4115
Fax: (503) 640-9634

Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TRINKA A. TURNER, JUNEA R. MURPHY, and JENNIFER L. JUNKINS, on behalf of themselves and all other similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>THOMAS VILSACK, Secretary of the Department of Agriculture; DOUGLAS O'BRIEN, Acting Undersecretary for Rural Development; RICHARD DAVIS, Acting Administrator Rural Housing Service; and VICKI L. WALKER, Oregon RD State Director,<br>　　　　　　Defendants. | Case No. 3:13-cv-01900 SI<br><br>CLASS ACTION COMPLAINT<br><br>5 USC §706(2)<br>Due Process |

Page 1 – COMPLAINT

I. PRELIMINARY STATEMENT

1. Plaintiffs, very low- and low-income residents of Jandina Park Apartments (Jandina), seek to enjoin the defendants from conducting a non-judicial foreclosure sale of Jandina, currently scheduled for November 21, 2013. Jandina is financed, subsidized and operated by the United States Department of Agriculture (USDA) under Sections 515 and 521 of the Housing Act of 1949, 42 USC §§ 1485 and 1490a, and is located in McMinnville, Yamhill County, Oregon. The foreclosure sale will result in undue and irreparable hardship to the plaintiffs through the termination of their current rent subsidies, leases and tenant protections, substantial increases in their rents, and the likelihood of their dislocation resulting in homelessness.

Plaintiffs are requesting the injunction because the defendants' decision to force the non-judicial sale of Jandina is in violation of USDA statues, regulations and policies intended to preserve Section 515 developments and protect residents from displacement and undue hardship. The defendants have not acted in accordance with authorizing statutes, regulations and policy directives that protect plaintiffs and other Jandina residents against rent increases and displacement from agency financed housing. In addition, defendants have not timely offered plaintiffs Rural Development Voucher assistance or Letters of Priority Entitlement that would allow them to relocate to other housing without facing financial hardships.

Plaintiffs also seek to enjoin the foreclosure sale because defendants, who manage and control Jandina as receivers, made decisions with respect to its disposition without adequate notice to the plaintiffs and without providing them with an opportunity to appeal adverse decisions to an impartial official as required by statute, regulations and the Constitution.

## II. JURISDICTION

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337, 1343(a)(3) and (4), 1361 and 1367. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

## III. PARTIES

3. Plaintiff Junea R. Murphy is a very low-income resident of Jandina who pays $66.00 per month in rent to Guardian Management, LLC, the manager of Jandina, under the terms of a one year written rental agreement, which began in April 2013.

4. Plaintiff Trinka A. Turner is a very low-income resident of Jandina who pays $200.00 per month in rent to Guardian Management, LLC, under the terms of a one year written rental agreement, which began in April 2013.

5. Plaintiff Jennifer Junkins is a low income resident of Jandina who pays $242.00 per month in rent to Guardian Management, LLC, under the terms of a one year written rental agreement, which began in July 2013.

6. Defendant Thomas Vilsack, the Secretary of the United States Department of Agriculture (USDA), is statutorily vested with the authority to operate the rural housing programs authorized by Title V of the Housing Act of 1949, 42 U.S.C. §§ 1471 et. seq. Defendant Vilsack is sued in his official capacity.

7. Defendant Doug O'Brien is the Acting Under-Secretary for Rural Development. The rural housing programs are administered and overseen by the Rural Development mission area of USDA. Defendant O'Brien is sued in his official capacity.

8. Defendant Richard Davis is the acting Administrator of the Rural Housing Service (RHS), who is responsible for the day-to-day administration of the USDA rural housing

Page 3 – COMPLAINT

programs at the national level.  Mr. Davis is being sued in his official capacity.

9.     Defendant Vicky Walker is the Rural Development State Director for Oregon.  She is responsible for the day-to-day administration of the RHS housing programs in the state of Oregon.  On information and belief, Ms. Walker, or an RD employee under her direction and control, is acting as the receiver of Jandina and thereby controls its operation and maintenance.  Ms. Walker is being sued in her official capacity.

### IV.  CLASS ACTION ALLEGATIONS

10.    Plaintiffs seek certification under Fed. R. Civ. P. 23(b)(2) to pursue their claims on behalf of themselves and all others similarly situated.  The class consists of all residents of Jandina, a Section 515 Rural Rental Housing project located in McMinnville Oregon that is scheduled for foreclosure on November 21, 2013.

11.    The class consists of numerous residents whose joinder is impracticable.  While the information on the number of persons affected by defendant's conduct is within the knowledge of the defendants, occupants of at least 36 dwelling units in Jandina are subject to harm resulting from this conduct.  Plaintiffs estimate that the total number of class members may exceed 100 persons.

12.    There are questions of law and fact common to the class.  All members of the class are residents of Jandina.  They are at immediate risk of having their leases and accompanying substantive federally subsidized tenants' rights terminated by the foreclosure sale, incurring substantial and unaffordable rent increases, being displaced and facing homelessness because of the defendants' decision to foreclose on Jandina and allow its sale outside the Section 515 program without following agency's authorizing statutes, regulations and policies.  They are also

at risk of being denied timely assistance by the defendants' failure to allow them to apply for Letters of Priority Entitlement, to assist them in finding alternative housing prior to the foreclosure sale and their failure to operate the Rural Development Voucher Program in a manner that allows them to remain in their homes or move to other housing without incurring market rate rents and other costs for any period of time. All of the class members have also been deprived of their regulatory, statutory and constitutional rights to due process.

13. Defendants have acted and refused to act on grounds generally applicable to the class, making declaratory and injunctive relief appropriate with respect to the class as a whole.

14. The named plaintiffs' claims are typical of the claims of the class in that the named plaintiffs and other class members will lose critical forms of assistance, be subjected to substantial rent increases and displacement, be deprived of important tenant protections, and be denied other forms of assistance that is intended to limit their hardships including displacement and homelessness.

15. The named plaintiffs will fairly and adequately protect the interests of the class. The named plaintiffs will suffer the same injuries as all other members of the class in that they will have their rent subsidies, leases, and tenants' rights terminated illegally, be denied their due process rights, and be wrongfully denied other forms of assistance that would alleviate the hardships that they face.

16. The named plaintiffs are represented by counsel who are experienced in this type of litigation and who will prosecute this action vigorously on behalf of all members of the class.

V. FACTS

17. Jandina is financed and subsidized by the Rural Housing Services (RHS), an agency

Page 5 – COMPLAINT

within the USDA, under Sections 515 and 521 of the Housing Act of 1949 , 42 U.S.C. §§ 1485 and 1490a.

18. On information and belief, the original owner of the development, who executed the loan resolution, promissory note, and deed of trust on the property in favor of RHS, was North McMinnville Associates, an Oregon limited partnership.

19. On information and belief, the original owner of the development defaulted on the RHS loan on or about 1996 and RHS took control of the property as a receiver shortly thereafter. It continues to operate the property in that capacity.

20. On information and belief, RHS has contracted with Guardian Management LLC for the day-to-day management of the development.

21. On information and belief, since taking control of Jandina, the defendants have not maintained the development in accordance with the standards required of a Section 515 owner to maintain the property as required by statute, regulations, other RHS issuances and loan agreements and has not maintained project reserves to allow the development to be maintained or rehabilitated as necessary.

22. On information and belief, defendants have never made any protective advances to repair or rehabilitate Jandina.

23. On information and belief, the defendants have not requested or authorized adequate rent increases for Jandina that would allow the development to generate sufficient income to make its mortgage payments and pay all essential expenses and reserves. As a result, Jandina has not generated sufficient income to meet the property's expenses.

24. On information and belief, defendants have determined that there is a need for the

Page 6 – COMPLAINT

subsidized housing provided by Jandina because there is insufficient alternative comparable housing in the surrounding community and that continued operation of the development without RHS subsidies will result in a rent overburden for, or displacement of, most of its residents.

25. On information and belief, defendants have not followed RHS directives and policies that require them to determine the suitability to maintain Jandina as affordable housing prior to taking action to foreclose on the property.

26. On information and belief, defendants have decided to facilitate the removal of Jandina from the Section 515 rural rental housing program through a non-judicial foreclosure sale at which RHS' bid price will be substantially below the outstanding debt and the market value of the property.

27. On information and belief, defendants have not determined whether Jandina is suitable for retention in the Section 515 program, which they are required to do before initiating servicing actions including foreclosure. Moreover, the defendants have not informed the plaintiffs in writing that they are considering the suitability of Jandina as affordable housing and retention in the Section 515 program. The agency has also not explained to plaintiffs the implications of a non-program designation or explained how the process of finding that Jandina is unsuitable will proceed.

28. Defendants have not taken adequate measures to ensure that all Jandina residents have immediate reasonable access to affordable, decent, safe, and sanitary housing and have not delayed the foreclosure sale until such other housing has been identified and the residents have received relocation assistance.

29. There are ten other RHS financed family and elderly housing developments in Yamhill

Page 7 – COMPLAINT

County where Jandina Park Apartments is also located.

30.     Defendants have not advised the plaintiffs to apply for Letters of Priority Entitlement that would entitle them to priority admission to other RHS financed housing and, if necessary, move the Rental Assistance subsidy that they are currently receiving to such other RHS financed developments.

31.     Defendants have advised the plaintiffs that they are not eligible for a Rural Development Voucher until after the foreclosure sale of Jandina.

32.     On information and belief, defendants do not intend to place any conditions on the foreclosure sale of Jandina that would protect the plaintiffs from displacement for reasons other than good cause or retain their RHS tenants' rights after the sale.

33.     Defendants have not advised the plaintiffs of their right to appeal any decision with respect to the suitability of the development for continued operation under the RHS Section 515 program, foreclosure, termination of their rental subsidies, or eligibility for Letters of Priority Entitlement or RD Vouchers, to an impartial hearing officer who has the right to reverse the decision.

34.     Plaintiffs have no adequate remedy at law.

VI. CLAIMS FOR RELIEF

**First Claim -- Administrative Procedure Act**

35.     Defendants have violated 5 U.S.C. § 706(2) by abusing their discretion and acting arbitrarily and capriciously and not in accordance with the law, including 42 U.S.C. §§ 1471 and 1472 when:

a.      They decided to foreclose on Jandina without determining whether Jandina is a property

unsuitable for retention in the Section 515 program;

b.  They failed to notify the plaintiffs of their considerations to declare Jandina as a property unsuitable for retention in the Section 515 program, failed to meet with the plaintiffs to discuss their considerations and explain the process and consequences of such a finding including when and if it would become effective;

c.  They failed to delay the foreclosure of Jandina until they have assisted the plaintiffs in finding and relocating to other affordable decent safe and sanitary housing in the community;

d.  They failed to adequately notify and advise the plaintiffs of the availability of, and mechanism for applying for, Letters of Priority Entitlement that would allow 36 household to relocate to other RHS financed housing before the foreclosure sale;

e.  They failed to adequately explore options, other than foreclosure, to preserve Jandina as low income housing under the Section 515 program.

36. Defendants are operating the RD voucher program contrary to law and in an arbitrary and capricious manner and in violation of 5 U.S.C § 706(2) by (1) failing to notify plaintiffs of all the conditions for their eligibility for an RD voucher, including the amount of subsidy that they are likely to receive, (2) failing to allow them to apply for a voucher and to determine their eligibility in a timely manner, and failing to provide them with a voucher prior to the foreclosure sale,  and (3) only authorizing retroactive voucher assistance under the voucher program for a term of 60 days after the agency enters into a Housing Assistance Payment Contract with a landlord willing to accept the voucher.

### Second Claim -- Due Process

37. By deciding to foreclose on Jandina, terminating the Interest Credit and Rental

Page 9 – COMPLAINT

Assistance subsidies that are being extended to the plaintiffs, by terminating their other tenant rights under the Section 515 program, by refusing or delaying consideration of the plaintiffs' eligibility for Letters of Priority Entitlement and RD Vouchers, all without providing the plaintiffs with adequate notice and an opportunity to appeal the adverse decisions, defendants have deprived them of their property rights and have violated their regulatory, statutory and constitutional due process rights as set out in 7 C.F.R. Part 11, 42 U.S.C. § 1480(g) and the Due Process Clause of Article V of the U.S. Constitution.

VII. PRAYER FOR RELIEF

WHEREFORE, plaintiffs request this Court to:

1. Enter a declaratory judgment that the actions and omissions of the defendants violate RHS statutes, regulations and handbooks and the Due Process Clause of the Fifth Amendment of the U.S. Constitution.

2. Enter a declaratory judgment that the actions of defendants set forth above violate the Administrative Procedure Act, 42 U.S..C. §§ 1471(g) and 1480(g), and the U.S. Constitution.

3. Enter a preliminary injunction, later to be made permanent prohibiting the foreclosure sale until such time as RHS and the defendants have reached a proper decision with respect to the suitability of Jandina to remain in the Section 515 program, have assisted the plaintiffs in securing affordable decent safe and sanitary housing, have issued Letters of Priority Entitlement that allow the residents reasonable time to move to other RHS assisted housing and have modified its operation of the RD Voucher Program to enable residents to locate and move to other affordable, decent safe and sanitary housing without having to pay market rents prior to receiving a voucher.

Page 10 – COMPLAINT

4.   Award plaintiffs their costs and reasonable attorney fees; and

5.   Grant such other and further relief as the Court may deem just and proper.

DATED this 24th day of October, 2013.

OREGON LAW CENTER

By:   /s/ Michael Pijanowski
Michael Pijanowski, OSB #00442
Phone: (503) 640-4115
Fax: (503) 640-9634
mpijanowski@oregonlawcenter.org
Of Attorneys for Plaintiffs

Page 11 – COMPLAINT