**Michael Pijanowski, OSB #004426**
mpijanowski@oregonlawcenter.org
**Leslea Smith, OSB #853324**
lsmith@oregonlawcenter.org
~~**Spencer Neal, OSB #772860**~~
~~mneal@oregonlawcenter.org~~
**Edward Johnson, OSB #965737**
ejohnson@oregonlawcenter.org
OREGON LAW CENTER
230 NE Second Ave, Suite F
Hillsboro, OR 97124
Phone: (503) 640-4115
Fax: (503) 640-9634

Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TRINKA A. TURNER,<br>JUNEA R. MURPHY, and<br>JENNIFER L. JUNKINS, on behalf of<br>themselves and all other similarly<br>situated, | Case No. |
| Plaintiffs, | FIRST AMENDED CLASS ACTION<br>COMPLAINT |
| v. | 5 USC §706(2)<br>Due Process |
| THOMAS VILSACK, Secretary of the<br>Department of Agriculture;<br>DOUGLAS O'BRIEN, Acting<br>Undersecretary for Rural Development;<br>TONY HERNANDEZ ~~RICHARD~~<br>~~DAVIS, Acting~~ Administrator Rural<br>Housing Service; and VICKI L.<br>WALKER, Oregon RD State Director, | |
| Defendants. | |

Exhibit 1 Page 1 – FIRST AMENDED COMPLAINT

## I. PRELIMINARY STATEMENT

1.    Plaintiffs, very low- and low-income residents of Jandina Park Apartments (Jandina),
seek to permanently enjoin the defendants from conducting a non-judicial foreclosure sale of
Jandina, formerly currently scheduled for November 21, 2013.  Jandina is located in
McMinnville, Yamhill County, Oregon. When it was first constructed, Jandina was financed and
, subsidized and operated by the United States Department of Agriculture (USDA) under
Sections 515 and 521 of the Housing Act of 1949, 42 USC §§ 1485 and 1490a. , and is located
in McMinnville, Yamhill County, Oregon. Since 1996. Jandina has been managed and
controlled by the defendants under a court ordered receivership. The foreclosure sale will result
in undue and irreparable hardship to the plaintiffs through the termination of their current rent
subsidies, leases and tenant protections, substantial increases in their rents, and the likelihood of
their dislocation resulting in homelessness.

      Plaintiffs are requesting the injunction because the defendants' decision to force the non-
judicial sale of Jandina is in violation of USDA statues, regulations and policies intended to
preserve Section 515 developments and protect residents from displacement and undue hardship.
The defendants have not acted in accordance with authorizing statutes, regulations and policy
directives that protect plaintiffs and other Jandina residents against rent increases and
displacement from agency financed housing.  In addition, defendants have not timely offered
plaintiffs Rural Development Voucher assistance or Letters of Priority Entitlement that would
allow them to relocate to other housing without facing financial hardships.

      Plaintiffs also seek to enjoin the foreclosure sale because defendants, who manage and
control Jandina as receivers, have made decisions with respect to Jandina's its disposition without

Exhibit 1 Page 2 – FIRST AMENDED COMPLAINT
Oregon Law Center
230 NE Second Ave, Suite F
Hillsboro, Oregon 97124
(503) 640-4115

adequate notice to the plaintiffs and without providing them with an opportunity to appeal

adverse decisions to an impartial official as required by statute, regulations and the Constitution.

II. JURISDICTION

2.      Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337, 1343(a)(3) and (4),

1361 and 1367.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

III.  PARTIES

3.      Plaintiff Junea R. Murphy is a very low-income resident of Jandina who pays $66.00 per

month in rent to Guardian Management, LLC, the manager of Jandina, under the terms of a one

year written rental agreement, which began in April 2013.

4.      Plaintiff Trinka A. Turner is a very low-income resident of Jandina who pays $200.00 per

month in rent to Guardian Management, LLC, under the terms of a one year written rental

agreement, which began in April 2013.

5.      Plaintiff Jennifer Junkins is a low income resident of Jandina who pays $242.00 per

month in rent to Guardian Management, LLC, under the terms of a one year written rental

agreement, which began in July 2013.

6.      Defendant Thomas Vilsack , the Secretary of the United States Department of

Agriculture (USDA), is statutorily vested with the authority to operate the rural housing

programs authorized by Title V of the Housing Act of 1949, 42 U.S.C. §§ 1471 et. seq.

Defendant Vilsack is sued in his official capacity.

7.      Defendant Doug O'Brien is the Acting Under-Secretary for Rural Development.  The

Exhibit 1 Page 3 – FIRST AMENDED COMPLAINT

rural housing programs are administered and overseen by the Rural Development mission area of USDA.  Defendant O'Brien is sued in his official capacity.

8.    Defendant Tony Hernandez ~~Richard Davis~~ is the ~~acting~~ Administrator of the Rural Housing Service (RHS), who is responsible for the day-to-day administration of the USDA rural housing programs at the national level.  Mr. Hernandez ~~Davis~~ is being sued in his official capacity.

9.    Defendant Vicky Walker is the Rural Development State Director for Oregon.  She is responsible for the day-to-day administration of the RHS housing programs in the state of Oregon.  On information and belief, Ms. Walker, or an RD employee under her direction and control, is ~~acting as the receiver of Jandina and thereby~~ controlling the ~~s~~ its operation and maintenance of Jandina.  Ms. Walker is being sued in her official capacity.

IV.  CLASS ACTION ALLEGATIONS

10.    Plaintiffs seek certification under Fed. R. Civ. P. 23(b)(2) to pursue their claims on behalf of themselves and all others similarly situated.  The class consists of all residents of Jandina, a Section 515 Rural Rental Housing project located in McMinnville Oregon that was ~~is~~ scheduled for foreclosure on November 21, 2013.

11.    The class consists of numerous residents whose joinder is impracticable.  While the information on the number of persons affected by defendant's conduct is within the knowledge of the defendants, occupants of at least 36 dwelling units in Jandina are subject to harm resulting from this conduct.  Plaintiffs estimate that the total number of class members may exceed 100 persons.

12.    There are questions of law and fact common to the class.  All members of the class are

Exhibit 1 Page 4 – FIRST AMENDED COMPLAINT

Oregon Law Center
230 NE Second Ave, Suite F
Hillsboro, Oregon 97124
(503) 640-4115

residents of Jandina.  They are at immediate risk of having their leases and accompanying

substantive federally subsidized tenants' rights terminated by the foreclosure sale, incurring

substantial and unaffordable rent increases, being displaced and facing homelessness because of

the defendants' decision to foreclose on Jandina and allow its sale outside the Section 515

program without following agency's authorizing statutes, regulations and policies. They are also

at risk of being denied timely assistance by the defendants' failure to allow them to apply for

Letters of Priority Entitlement, to assist them in finding alternative housing prior to the

foreclosure sale and their failure to operate the Rural Development Voucher Program in a

manner that allows them to remain in their homes or move to other housing without incurring

market rate rents and other costs for any period of time.  All of the class members have also been

deprived of their regulatory, statutory and constitutional rights to due process.

13.    Defendants have acted and refused to act on grounds generally applicable to the class,

making declaratory and injunctive relief appropriate with respect to the class as a whole.

14.    The named plaintiffs' claims are typical of the claims of the class in that the named

plaintiffs and other class members will lose critical forms of assistance, be subjected to

substantial rent increases and displacement, be deprived of important tenant protections, and be

denied other forms of assistance that is intended to limit their hardships including displacement

and homelessness.

15.    The named plaintiffs will fairly and adequately protect the interests of the class.  The

named plaintiffs will suffer the same injuries as all other members of the class in that they will

have their rent subsidies, leases, and tenants' rights terminated illegally, be denied their due

process rights, and be wrongfully denied other forms of assistance that would alleviate the

Exhibit 1 Page 5 – FIRST AMENDED COMPLAINT

hardships that they face.

16.     The named plaintiffs are represented by counsel who are experienced in this type of

litigation and who will prosecute this action vigorously on behalf of all members of the class.

> V.  FACTS

17.     When first constructed, Jandina was is financed and subsidized by the Rural Housing

Services (RHS), an agency within the USDA, under Sections 515 and 521 of the Housing Act of

1949 , 42 U.S.C. §§ 1485 and 1490a.

18.     On information and belief, tThe original owner of the development, who executed the

loan resolution, promissory note, and deed of trust on the property in favor of RHS, was North

McMinnville Associates, an Oregon limited partnership.

19.     On information and belief, prior to November 21, 1996, Jandina was operating and being

maintained in accordance to the requirements of Section 515 of the Housing Act of 1949 (42

U.S.C. § 1485).

20.     On information and belief, prior to November 21, 1996, North McMinnville Associates

had not defaulted on its Jandina Section 515 loan from RHS.

21.     On information and belief, on or about November 21, 1996, at least 24 of the units in

Jandina were receiving a rental subsidy from RHS pursuant to Section 521 of the Housing act of

1949 (42 U.S.C. § 1490a).

22-19.     On or about November 21, 1996, On information and belief, the original owner of the

development defaulted on the RHS loan on or about 1996 and RHS was appointed as a receiver

of took control of Jandina under an Order issued by the United States District Court for the

District of Washington (Court Order).  the property as a receiver shortly thereafter.

Exhibit 1 Page 6 – FIRST AMENDED COMPLAINT

23.     RHS continues to manage and operate the Jandina as its receiver. property in that capacity.

24.     The Court Order does not grant RHS powers to manage or operate Jandina in a manner that is inconsistent with the purposes of the Housing Act of 1949.

25.     The Court Order does not grant RHS powers to manage or operate Jandina in a manner that is inconsistent with Section 515 of the Housing Act of 1949 (42 U.S.C. § 1485).

26.     The Court Order does not grant RHS powers to terminate the subsidy assistance provided to residents of Jandina under except in accordance with Section 521 of the Housing Act of 1949 (42 U.S.C. § 1490a).

27.     According to the Court Order, RHS was appointed to act as a receiver of Jandina for the purpose of maintaining Jandina as an affordable housing development.

28.     RHS' powers and authorities under the Court Order include all the rights and privileges previously possessed by North McMinnville Associates except that it does not grant RHS the right or authority to transfer or sell Jandina without prior court approval.

29.     On information and belief, RHS has never advised the Washington District Court, which appointed the agency as a receiver of Jandina, of its intention to  commence a foreclosure sale of a Jandina n.

30.     Under the Court Order, RHS is obligated to bring to the attention of the Washington District Court any conflict of interest that it detects between itself and any partnership, including the partnership under which Jandina is operating, along with any suggestions for resolution or abatement of the identified conflict.

31.     On information and belief, RHS has not reported a conflict between itself as the Jandina

Exhibit 1 Page 7 – FIRST AMENDED COMPLAINT

mortgage holder and its actions as the receiver for Jandina in pursuing a foreclosure sale of Jandina.

32~~0~~.    On information and belief, RHS has contracted with Guardian Management LLC for the day-to-day management of Jandina~~the development~~.

33.    Sometime after November 21, 1996, RHS suspended the Rental Assistance provided to Jandina due to the fact that the property was not in compliance with RHS standards and there was no acceptable work-out in place.

34.    Sometime after November 21, 1996, Jandina experienced high vacancies, which, coupled with the lack of rental assistance, created a situation where there was inadequate cash flow to cover normal operation expenses and required RHS to make protective advances to keep Jandina operating as an affordable development.

35.    RHS is seeking to foreclose on Jandina for one or more of the following defaults: (a) failure to maintain the property in good repair and make repairs as required; (b) failure to maintain the required balances in the reserve accounts; and (c) failure to pay arrearages, of $147,682 as of March 1, 2013.

36.    The default, or defaults, on the Jandina loan which is, or are, the basis for the current RHS foreclosure action occurred while Jandina was managed and operated by RHS as a receiver of the development.

~~21.    On information and belief, since taking control of Jandina, the defendants have not maintained the development in accordance with the standards required of a Section 515 owner to maintain the property as required by statute, regulations, other RHS issuances and loan agreements and has not maintained project reserves to allow the development to be maintained or~~

Exhibit 1 Page 8 – FIRST AMENDED COMPLAINT

~~rehabilitated as necessary.~~

~~22.    On information and belief, defendants have never made any protective advances to repair~~
~~or rehabilitate Jandina.~~

37.    On or about 2010, RHS ~~has~~ reached the conclusion that Jandina is not financially viable
or suitable for ~~the~~ retention in the Section 515 program.

~~23.    On information and belief, the defendants have not requested or authorized adequate rent~~
~~increases for Jandina that would allow the development to generate sufficient income to make its~~
~~mortgage payments and pay all essential expenses and reserves.  As a result, Jandina has not~~
~~generated sufficient income to meet the property's expenses.~~

38.    On information and belief, the advances made by RHS to Jandina include the cost of
maintaining resident rents consistent with Section 521 of the Housing Act of 1949.

39.    In early 2010, RHS was contacted by a nonprofit organization that sought to purchase
Jandina for the balance owed to RHS on the Jandina mortgage loan plus the amount of advances
made by RHS to Jandina.

40.    The nonprofit organization that was interested in purchasing Jandina was proposing to
continue to operate the development as affordable rental housing development under Section 515
of the Housing Act of 1949.

41.    When RHS was contacted about the sale of Jandina, it was aware that the nonprofit
organization needed to have some form of site control over the purchase of the property in order
to submit an application to receive tax credits to finance the purchase and rehabilitation of
Jandina.

42.    RHS did not grant the nonprofit any form of site control over Jandina to facilitate its

Exhibit 1 Page 9 – FIRST AMENDED COMPLAINT

Oregon Law Center
230 NE Second Ave, Suite F
Hillsboro, Oregon 97124
(503) 640-4115

application for low-income tax credit financing.

43.     The nonprofit organization that was interested in purchasing Jandina proposed to acquire and rehabilitate Jandina to conform to a 30-year rehabilitation standard and proposed to continue operating the development at the then current rents.

44.     RHS has transferred and sold other properties that it controlled under the 1996 Court Order to other organizations and partnerships.

45.     RHS has also reorganized several of the partnerships that it was controlling under the 1996 Court Order and then released the developments that were operating under RHS' receivership to those partnerships.

46.     Under the 1996 Court Order, RHS has provided site control to one or more organizations or partnerships that needed such control in order to qualify for low income housing tax credits.

47.     On information and belief, of the 68 properties that RHS took control under the 1996 Court Orger, Jandina is one of only three properties on which RHS has initiated a foreclosure sale.

48_24.   On information and belief, defendants have determined that there is a need for the subsidized housing provided by Jandina.

49.     On information and belief, because there is insufficient alternative comparable housing in Yamhill County the surrounding community and that continued operation of Jandina the development without RHS subsidies will result in a rent overburden for, or displacement of, most of its residents.

25_50.   On information and belief, defendants have not followed RHS directives and policies that require them to determine the suitability to maintain Jandina as affordable housing prior to taking

Exhibit 1 Page 10 – FIRST AMENDED COMPLAINT

Oregon Law Center
230 NE Second Ave, Suite F
Hillsboro, Oregon 97124
(503) 640-4115

action to foreclose on the property.

51~~26~~.   On information and belief, defendants have decided to facilitate the removal of Jandina

from the Section 515 rural rental housing program through a non-judicial foreclosure sale at

which RHS' bid price will be substantially below the outstanding debt and the market value of

the property.

52~~27~~.   On information and belief, defendants have not determined whether Jandina is suitable

for retention in the Section 515 program, which they are required to do before initiating servicing

actions including foreclosure.

53.      ~~Moreover, t~~The defendants have not informed the plaintiffs in writing that they are

considering the suitability of Jandina as affordable housing and retention in the Section 515

program.

54.      ~~T~~The defendants ~~agency~~ ha~~ve~~s ~~also~~ not explained to plaintiffs the implications of

designating Jandina as a non-program property ~~designation~~ or explained how the process of

finding that Jandina is unsuitable will proceed before such a determination was finalized.

55~~28~~.   Defendants have not taken adequate measures to ensure that all Jandina residents have

immediate reasonable access to alternative affordable, decent, safe, and sanitary housing should

Jandina be sold to a third party at the foreclosure sale.

56.   Defendants have not been willing to ~~and have not~~ delay~~ed~~ the foreclosure sale of Jandina

until ~~such~~ other affordable housing has been identified and the residents of Jandina have received

relocation assistance.

57.~~29~~. There are ~~ten~~ other RHS financed family and elderly housing developments in Yamhill

County where Jandina Park Apartments is also located.

Exhibit 1 Page 11 – FIRST AMENDED COMPLAINT

Oregon Law Center
230 NE Second Ave, Suite F
Hillsboro, Oregon 97124
(503) 640-4115

58.    The RHS financed developments located in Yamhill County do not currently have sufficient vacancies or resident turnover to accommodate the 36 households that could be relocated from Jandina within 90 days of the Jandina foreclosure sale.

3059.  Defendants have not advised the plaintiffs to apply for Letters of Priority Entitlement that would entitle them to priority admission to other RHS financed housing and, if necessary, move the Rental Assistance subsidy that they are currently receiving to such other RHS financed developments.

60.    Plaintiffs are currently not receiving Rental Assistance Subsidies under Section 521 of the Housing Act of 1949.

61.    Plaintiffs are currently receiving a subsidy equivalent to Renal Assistance under advances made by RHS to the residents of Jandina.

62.    Under RHS regulations, plaintiffs are not entitled to relocate to other RHS housing and to continue to receive the subsidy advances that they are currently receiving in that housing should Rental Assistance not be available at that housing for all relocated residents.

63.    Defendants have never advised the plaintiffs that their Rental Assistance subsidy has been terminated and that they are currently receiving an equivalent subsidy through RHS advances to Jandina.

3164.  Defendants have advised the plaintiffs that they are not eligible for a Rural Development Voucher until after the foreclosure sale of Jandina.

65.32.  On information and belief, defendants do not intend to place any conditions on the foreclosure sale of Jandina that would protect the plaintiffs from displacement for reasons other than good cause or retain their RHS tenants' rights after the sale.

Exhibit 1 Page 12 – FIRST AMENDED COMPLAINT

66.33.  Defendants have not advised the plaintiffs of their right to appeal any decision with respect to the suitability of the development for continued operation under the RHS Section 515 program.

67.    Defendants have not advised the plaintiffs of their right to appeal any decision with respect to their ,foreclosure of Jandina.

68.    Defendants have not advised the plaintiffs of their right to appeal the ,termination of their rental subsidies.

69.    Plaintiffs have not advised the plaintiffs of their right to appeal their , or eligibility for Letters of Priority Entitlement or RD Vouchers, to an impartial hearing officer who has the right to reverse the decision.

70.34.  Plaintiffs have no adequate remedy at law.

VI. CLAIMS FOR RELIEF

**First Claim -- Administrative Procedure Act**

71.35.  Defendants have violated 5 U.S.C. § 706(2) by abusing their discretion and acting arbitrarily and capriciously and not in accordance with the law, including 42 U.S.C. §§ 1471, and 1472 and 1485 when:

a.      They decided to foreclose on Jandina without determining whether Jandina is a property unsuitable for retention in the Section 515 program;

b.      They failed to notify the plaintiffs of their considerations to declare Jandina as a property unsuitable for retention in the Section 515 program, failed to meet with the plaintiffs to discuss their considerations and explain the process and consequences of such a finding including when and if it would become effective;

Exhibit 1 Page 13 – FIRST AMENDED COMPLAINT

c.     They failed to delay the foreclosure of Jandina until they have assisted the plaintiffs in

finding and relocating to other affordable decent safe and sanitary housing in the community;

d.     They failed to adequately notify and advise the plaintiffs of the availability of, and

mechanism for applying for, Letters of Priority Entitlement that would allow all residents of

Jandina 36 household to relocate to other RHS financed housing before the foreclosure sale;

e.     They failed to adequately explore options, other than foreclosure, to preserve Jandina as

low income housing under the Section 515 program.

f.     They failed to take actions to facilitate timely approval of the request to transfer

ownership and control of Jandina in conjunction with a tax credit application under the IRS'

Low-Income Tax Credit program authorized by  Section 42 of Title 26 of the United States

Code.

72.36.  Defendants are operating the RD voucher program contrary to law and in an arbitrary and

capricious manner and in violation of 5 U.S.C § 706(2) by (1) failing to notify plaintiffs of all the

conditions for their eligibility for an RD voucher, including the amount of subsidy that they are

likely to receive, (2) failing to allow them to apply for a voucher and to determine their eligibility

in a timely manner, and failing to allow them to apply for provide them with a voucher prior to

the foreclosure sale,  and (3) only authorizing retroactive voucher assistance under the voucher

program for a term of 60 days after the agency enters into a Housing Assistance Payment

Contract with a landlord willing to accept the voucher.

**Second Claim – National Housing Goals**

73.     Defendants have violated the Administrative Procedure Act and their obligations to

operate Jandina in a manner consistent with the National Housing Goals, 42 U.S.C. § 1441, by

Exhibit 1 Page 14 – FIRST AMENDED COMPLAINT

Oregon Law Center
230 NE Second Ave, Suite F
Hillsboro, Oregon 97124
(503) 640-4115

a.    allowing the physical condition of the development to deteriorate while it was under its management and control as its receiver;

b.    failing to make all payments due and payable under the original mortgage loan;

c.    failing to affirmatively plan to avoid the involuntary displacement of families in accordance with 42 U.S.C. § 1471 (g).

**Third Second Claim -- Due Process**

74.37.    By deciding to foreclose on Jandina, terminating the Interest Credit and Rental Assistance subsidies that are being extended to the plaintiffs, by terminating their other tenant rights under the Section 515 program, by refusing or delaying consideration of the plaintiffs' eligibility for Letters of Priority Entitlement and RD Vouchers, all without providing the plaintiffs with adequate notice and an opportunity to appeal the adverse decisions, defendants have deprived them of their property rights and have violated their regulatory, statutory and constitutional due process rights as set out in 7 C.F.R. Part 11, 42 U.S.C. § 1480(g) and the Due Process Clause of Article V of the U.S. Constitution.

VII. PRAYER FOR RELIEF

WHEREFORE, plaintiffs request this Court to:

1.    Enter a declaratory judgment that the actions and omissions of the defendants violate RHS statutes, regulations and handbooks and the Due Process Clause of the Fifth Amendment of the U.S. Constitution.

2.    Enter a declaratory judgment that the actions of defendants set forth above violate the

Exhibit 1 Page 15 – FIRST AMENDED COMPLAINT

Administrative Procedure Act, 42 U.S..C. §§ 1471(g) and 1480(g), and the U.S. Constitution.

3.    Enter a preliminary injunction, later to be made permanent prohibiting the foreclosure sale until such time as RHS and the defendants have reached a proper decision with respect to the suitability of Jandina to remain in the Section 515 program, have assisted the plaintiffs in securing affordable decent safe and sanitary housing, have issued Letters of Priority Entitlement that allow the residents reasonable time to move to other RHS assisted housing and have modified its operation of the RD Voucher Program to enable residents to locate and move to other affordable, decent safe and sanitary housing without having to pay market rents prior to receiving a voucher.

4.    Award plaintiffs their costs and reasonable attorney fees; and

5.    Grant such other and further relief as the Court may deem just and proper.

DATED this _____24th day of January October, 20134.

OREGON LAW CENTER


By:    /s/ Michael Pijanowski
       Michael Pijanowski, OSB #00442
       Phone: (503) 640-4115
       Fax: (503) 640-9634
       mpijanowski@oregonlawcenter.org
       Of Attorneys for Plaintiffs


Exhibit 1 Page 16 – FIRST AMENDED COMPLAINT
Oregon Law Center
230 NE Second Ave, Suite F
Hillsboro, Oregon 97124
(503) 640-4115