**Michael Pijanowski, OSB #004426**
mpijanowski@oregonlawcenter.org
**Leslea Smith, OSB #853324**
lsmith@oregonlawcenter.org
OREGON LAW CENTER
230 NE Second Ave., Suite F
Hillsboro, OR 97124
Phone: (503) 640-4115
Fax: (503) 640-9634

**Edward Johnson**
ejohnson@oregonlawcenter.org
OREGON LAW CENTER
522 SW Fifth Ave., Suite 812Portland, OR 97205
Phone: (503) 473-8312
Fax: (503) 295-0676

Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TRINKA A. TURNER**, **JUNEA R. MURPHY**, and **JENNIFER L. JUNKINS**, on behalf of themselves and all other similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>**THOMAS VILSACK**, Secretary of the Department of Agriculture; **DOUGLAS O'BRIEN**, Acting Undersecretary for Rural Development; **RICHARD DAVIS**, Acting Administrator Rural Housing Service; and VICKI L. WALKER, Oregon RD State Director,<br><br>               Defendants. | Case No. 3:13-cv-01900-SI<br><br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS** |

## INTRODUCTION

Plaintiffs apply for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412. The petition is timely, as it is filed within 30 days of the parties filing a Stipulation of Voluntary Dismissal.

Plaintiffs are the prevailing parties in this matter because judicially recognized material alteration of the legal relationship between the parties has been brought about by this action. This court granted a Preliminary Injunction on November 18, 2013 (Order dated Nov. 18, 2013), just days before the Defendants planned to foreclose on the Jandina apartment complex where plaintiffs live and which is the subject of this litigation. As a result of that injunction, the Defendant officials of the United States Department of Agriculture (USDA), who are in charge of operating the Rural Development (RD) housing programs, have rescinded the notice of default and withdrawn the previously noticed foreclosure sale of the Jandina property. Stipulation of Voluntary Dismissal Under FRCP 41(a)(1)(A)(ii) (Nov. 5, 2015). Plaintiffs believe that the Defendants cannot show that their position in carrying out the foreclosure sale in violation of RD laws and regulations was substantially justified or that there are special circumstances that make an award of fees unjust. Accordingly, the Plaintiffs request this Court to award them $107,162.56 in attorneys' fees and costs.

## BACKGROUND

On October 24, 2013, Plaintiffs Trinka A. Turner, Junea R. Murphy, and Jennifer L. Junkins initiated this suit against the USDA Defendants seeking an injunction to stop the non-judicial foreclosure sale of the Jandina subsidized apartment complex they lived in and, thereby, prevent their displacement from their homes. In their complaint, Plaintiffs alleged that

Page 2 – PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION

Defendants' conduct violated the Administrative Procedure Act ("APA") and the Due Process Clause of the United States Constitution.

On October 31, 2013, plaintiffs filed a motion for preliminary injunction to stop the foreclosure sale of Jandina. The plaintiffs' motion was granted by this Court on November 18, 2013.

Thereafter, the Plaintiffs filed a motion for class certification and began review of thousands of pages of documents produced by the Defendants as part of the Administrative Record in this case. During this time the Defendants worked to find an alternative to foreclosure, in the hopes of retaining Jandina as an RD subsidized housing development and allowing the Plaintiffs to continue to live in their homes. The parties filed several joint status reports informing the court of these efforts.

On November 5, 2015, the parties filed a Stipulation of Voluntary Dismissal under FRCP 41(a)(1)(A)(ii). In it, the parties stipulated that RD has rescinded the notice of default and election to foreclose on the Jandina property; that it will continue to work towards transferring Jandina to Community and Shelter Assistance Corp. (CASA); and that it will explore and consider options that keep the property in the USDA multifamily housing program. The Defendants have also agreed to consider alternative property management options if the option agreement with CASA, which runs until May of 2017, does not result in a transfer of the property.

**ARGUMENT**

Page 3 – PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION

EAJA requires the Court to award attorneys' fees to the Plaintiffs if they are the prevailing party in litigation against the government and the government is unable to show that its actions were substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A). There is no question that the Plaintiffs have prevailed in this action and the government is not likely to meet its burden of showing that its actions were substantially justified or that special circumstances make the award of attorneys' fees unjust.

## A.        The Plaintiffs are Prevailing Parties

Plaintiffs are prevailing parties if they succeed on any significant issue in litigation which achieves some of the benefits they sought in bringing the lawsuit. *See United States v. Real Property Known as 2224 Dolorosa Street*, 190 F.3d 977, 981 (9th Cir. 1999). However, the plaintiffs' success must not be derived solely from the defendants' voluntary cessation of its conduct. *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health*, 532 U.S. 598 (2001). Instead, there must be a judicial imprimatur that changes the legal relationship of the parties. *Li v. Keisler*, 505 F.3d 913, 917 (9th Cir. 2007). Significantly, obtaining the desired relief from a federal court does not depend on whether the court "addressed the merits of the underlying case." *Li*, 505 F.3d at 917.

In this case, the Plaintiffs obtained the desired relief from this Court when it granted their request for a preliminary injunction and enjoined the defendants from pursuing a non-judicial foreclosure sale of the Jandina property. The issuance of that injunction is the necessary judicial imprimatur to make the Plaintiffs eligible for attorneys' fees. The Plaintiffs subsequently secured practically all the relief they first sought in this action when the Federal Defendants entered into a stipulation by which they agreed to withdraw the Jandina default notice and foreclosure sale and

Page 4 – PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION

to make good faith efforts to preserve the development.

In *Li*, an asylum applicant sought to reopen removal proceedings brought against him and to apply for asylum and related relief. The court's order, filed at the government's request, remanded the proceedings to the Board of Immigration Appeals (BIA). In ruling on Mr. Li's application for attorneys' fees pursuant to EAJA, the court found that its order "advanced the goals sought by [plaintiffs], and constituted material alterations of the parties' legal relationships for purposes of *Buckhannon*." *Li,* 505 F.3d at 918. As in *Li*, this Court's issuance of a preliminary injunction advanced the goals sought by plaintiffs. It materially altered the parties' legal relationship. Thus, plaintiffs are prevailing parties for purposes of the EAJA. *See Watson v. County of Riverside,* 300 F.3d 1092, 1096 (9th Cir.2002).

**B.     The government cannot carry its burden to show that its position was substantially justified or that there are special circumstances that make an award unjust.**

In its preliminary injunction opinion and order, this Court noted that RD decided to accelerate the Jandina loan in 2009 but did not decide to actually undertake the foreclosure until nearly 4 years later. Nov. 18 Order at *2. During that four year period, RD appears to have considered Jandina's suitability for retention in the Section 515 program, but never undertook the steps that it is required to take, by statute and its handbooks, to ensure that residents are not displaced by the foreclosure without first assisting them in finding alternative affordable, decent, safe and sanitary housing. The agency's failure to take steps to protect the Plaintiffs and other residents of Jandina cannot be justified in light of the fact that the agency had ample time and opportunity to do so.  Plaintiffs are not aware of any special circumstances that would make the award of attorneys' fees unjust.

Page 5 – PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION

**C.      Plaintiffs Are Entitled to Attorneys' Fees Under EAJA's Regular Statutory Rate and under its Enhanced Rate.**

      1.      Regular Statutory Rate

Plaintiffs seek to recover $46,001.56 for the work of their counsel Ed Johnson, Michael Pijanowski, and Leslea Smith. They are entitled to this amount for the 245 hours of work that these attorneys have expended over the course of this litigation. The compensation that the Plaintiffs seek is based on an hourly rate of $187.02 for 2013, $190.06 for 2014, and $189.68 for 2015, which were the approved EAJA reimbursement rates for the years in which the work was done. In addition, Plaintiffs seek reimbursement for costs incurred by their counsel in litigating this matter. Detailed breakdowns of the attorney hours and costs are set out in exhibits to the declarations of counsel.

      2.      Enhanced Statutory Rate

Plaintiffs seek $61,161.00 for the work of Gideon Anders in this case. Mr. Anders, who was of-counsel to the Plaintiffs' attorneys, is entitled to an enhanced statutory rate for his work because of the special skills and expertise that he brought to this case. Mr. Anders' services were not available elsewhere or at the ordinary EAJA reimbursement rate. Accordingly, the Plaintiffs are entitled to have his work compensated at a special rate.

      a.      Mr. Anders' Expertise

Mr. Anders has specialized in Rural Development housing program litigation for over 38 years. EAJA permits the award of enhanced hourly rates where the attorneys possess distinctive knowledge and specialized skills that are needed in the litigation and are not available elsewhere at the statutory rate.

Page 6 – PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION

Mr. Anders possesses unique knowledge about the law and operation of the Rural Development (RD) housing programs and most particularly the rights of residents and homeowners under those programs. He is a Senior Attorney at the National Housing Law Project (NHLP), a nonprofit organization that seeks to advance the housing rights of residents and homeowners residing in federally subsidize housing. Mr. Anders has worked for NHLP, with a two-year hiatus, since 1978. During his entire term of employment at NHLP, Mr. Anders has specialized and devoted practically his entire time to the rights of residents and homeowners under the RD housing programs, which were previously administered by the Rural Housing Service (RHS), the Rural Housing and Community Development Service (RHCDS), and the Farmers Home Administration (FmHA). As set out in Mr. Anders' enclosed affidavit, he has been counsel, co-counsel, and of-counsel in major cases of first impression against RD. He has authored several extensive and detailed legal handbooks on the operation of the RD housing programs, conducted hundreds of national, statewide, and local training sessions for attorneys and other housing advocates, and provided technical assistance to thousands of attorneys representing participants in the RD housing programs. Mr. Anders has also testified before Congress on several occasions with respect to the housing rights of residents and homeowners participating in the RD housing programs.

Mr. Anders' skills are unique. There is only one other attorney in the United States who specializes in the RD housing programs. That attorney, however, represents owners and developers of RD housing and does not represent residents and homeowners participating in those programs. In short, there is no other attorney that would have been available to the

Page 7 – PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION

Plaintiffs in pursuing their rights in this litigation. No attorney could have represented the Plaintiffs at the statutory EAJA rate.

Mr. Anders' knowledge and skills were necessary in this case because it is a case of first impression against RD. His knowledge of the statutes, regulations, and handbooks applicable to the RD Section 515 rental housing program as well as his understanding of the policies and the manner by which RD staff carries out its duties under the Section 515 program were critical in developing the case against RD, and in pursuing a strategy that would protect the residents from displacement and preserve the homes in which they reside. His knowledge and familiarity with persons who have worked for and with RD have also proved to be extremely useful in this matter as he was able to consult those persons about the manner by which RD conducts foreclosure cases and can preserve rental housing developments such as Jandina.

### b.    Reasonableness of Mr. Anders' Rates

Mr. Anders' time in this litigation is billed at $740 which is a reasonable billing rate for attorneys working in the San Francisco Bay Area in 2015. This is supported by the Declaration of Carol A. Sobel in support of attorney fees in *Galindo v. Housing Authority of the City of Los Angeles*, attached as Ex. B. to Mr. Anders' declaration. In that case Ms. Sobel, who graduated from law school at the same time as Mr. Anders, sought and justified a billing rate of $875 per hour. Sobel Dec. 3. While the attorneys' fees in that case were settled, Ms. Sobel was awarded $710 per hour in 2009 in Fitzgerald v. City of Los Angeles, 2009 WL 960825 (C.D. Calif. 2009). The $740 per hour fee is also consistent with the $650 per hour rate awarded in 2011 to the plaintiffs' in *Center for Food Safety v. Vilsack*, 2011 WL 6259891 (N.D. Cal. 2011) for work done by their counsel between 2008 and 2010.

Page 8 – PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION

## CONCLUSION

Plaintiffs are the prevailing party in this case and are therefore entitled to a total of

$ 107,162.56 for attorneys' fees and costs. They respectfully request that they we awarded that

sum.

DATED this 7th day of December, 2015.

By:    _____/s/_____
       Leslea Smith, OSB #853324
       Phone: (503) 640-4115
       Fax: (503) 640-9634
       lsmith@oregonlawcenter.org
       Of Attorneys for Plaintiffs